UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

|  |  |
|---|---|
| In re: ) <br> RICHARD C. ENGRASSIA ) <br> Debtor ) <br> _____) <br> ) <br> RICHARD C. ENGRASSIA, ) <br> Plaintiff ) <br> v. ) <br> U.S. BANK TRUST NATIONAL ) <br> ASSOCIATION, not in its Individual ) <br> capacity, but solely as Trustee of the ) <br> Truman 2021 SC9 Title Trust, ) <br> AND ) <br> Person or Persons Unknown, ) <br> Defendant(s) ) <br> _____) | Chapter 13 <br> Case No. 23-40370-EDK <br><br><br> Adversary Proceeding No._____ |

## **COMPLAINT TO A VOID UNPERFECTED PRE-PETITION TRANSFER**

NOW COMES Richard C. Engrassia, debtor, and complains of the defendants as follows:

1. On May 10, 2023, the Debtor filed with this Court a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Property of the estate includes his interest[1] in his home at 207 Nashua Road, North Billerica, Massachusetts (hereinafter, the "Property").

2. He has owned and resided at the Property since December 5, 2013 and has a homestead exemption.

3. Because he lives in North Billerica, a community in North Middles County, venue of the bankruptcy case underlying this complaint is proper in Massachusetts pursuant to 28 U.S.C. § 1408, and venue of this action is proper pursuant to 28 U.S.C. § 1409.

---

[1] *See* In re Sullivan, 551 BR 868 (Bankr. D. Mass. 2016).

4.     Defendant U.S. Bank Trust National Association, not in its Individual capacity, but solely as Trustee of the Truman 2021 SC9 Title Trust, is the assignee of a mortgage encumbering title to the aforementioned Property.

5.     "Person or Persons Unknown": is/are the individual(s) who, upon information and belief, was/were the high bidder(s) at a foreclosure auction of the Property just days before the petition was filed.

6.     The relief sought by this complaint seeks to enhance the property of the bankruptcy estate and establish the debtor's right to an exemption. The Debtor intends to file a Chapter 13 Plan that will pay one hundred percent (100%) to all secured creditors, including the Defendant, U.S. Bank. It is a core proceeding within the meaning of 28 U.S.C. § 157, and the court has authority to enter a final judgment.

7.     An Adversary Proceeding is required by Fed. R. Bankr. Pro. 7001 because the Debtor is seeking to recover property.

8.     Prior to the commencement of the underlying bankruptcy case, the Debtor had been in default in making his mortgage payments due to serious medical issues, as well as the pandemic to some extent. The Severe medical issues have not been resolved, but the Debtor has income and businesses that have assets which he intends to sell to fund his chapter 13 plan and pay the mortgages in full.

9.     No foreclosure deed had been recorded in the Middlesex North County Registry of Deeds as of the petition date, thus the identity(ies) of the highest bidder(s) is unknown, and no transfer of title had taken place.

10.     Until a foreclosure deed is recorded in the Registry of Deeds, the transfer is unperfected and may be avoided. *See* <u>In re Mularski</u>, 565 BR 203 (Bankr. D. Mass. 2017).

11. All that a foreclosure auction accomplishes is terminating the mortgagor's equity of redemption. <u>Outpost Cafe. Inc. v. Fairhaven Savings Bank</u>, 3 Mass. App. Ct. 1 (1975). There is no "sale" until consideration is paid and a deed recorded. <u>Beal v. Attleborough Savings Bank</u>, 248 Mass. 342 (1924), *and cases cited therein.*

12. Because the transfer is unperfected, the Debtor may avoid the transfer pursuant to 11 USC §522(b), and he has standing to do so. <u>In re Giacchetti</u>, 584 BR 441 (Bankr. D. Mass. 2018).

WHEREFORE, the Debtor requests that this Court enter an Order:

1. Avoiding the transfer;

2. Declaring that the property is automatically preserved for the benefit of the debtor pursuant to 11 USC §522(i);

3. Finding that the Debtor may exempt the property pursuant to §522(g); and

4. Granting such other relief to the Debtor as is just and proper.

Dated: May 23, 2023

Respectfully submitted,
RICHARD C. ENGRASSIA
By his attorney,

/s/ Richard A. Mestone
Richard A. Mestone (BBO# 642789)
MESTONE & ASSOCIATES LLC
435 Newbury Street, Suite 217
Danvers, MA 01923
Tel: (617) 381-6700
richard.mestone@mestoneassociaatesllc.com